IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE JORDAN, #M07905, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17−cv–626−NJR ) |
| C/O GAYE, MR. BOWNEN, SHERRY BENTON, and CHRISTOPHER QUICK, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Pierre Jordan, an inmate who is currently incarcerated at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at Lawrence. This case was severed from *Jordan v. Lamb*, No. 17-cv-00207-SMY-RHD (S.D. Ill.) (original case). (Doc. 1, instant case). This case includes two claims. The first claim is directed against Gaye (identified as a "C/O" in the caption of the Complaint but described as an "M.H.P." (mental health professional) throughout the body of the Complaint) for sexually harassing Plaintiff ("Count 7," original case). (Doc. 1, p. 7). The second claim is directed against Mr. Bownen (a counselor), Sherry Benton (chairwoman, Administrative Review Board Office of Inmate Issues), and Christopher Quick (states attorney, Lawrence County) for failing to protect Plaintiff from Gaye's sexual harassment ("Count 8," original case). *Id*. In connection with these claims, Plaintiff seeks monetary relief and a prison transfer. (Doc. 1, pp. 21-22).[1]

---

[1] In the request for relief, Plaintiff generally seeks a prison transfer but does not explain why. The original Complaint has been severed into numerous actions. This case only addresses two of his severed claims. To the extent Plaintiff would like to request urgent relief in connection with Counts 7 and 8, he should file a separate motion for a temporary restraining

Counts 7 and 8 are now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

order and/or preliminary injunction pursuant to Rule 65(a)-(b) of the Federal Rules of Civil Procedure. He may do so at any time while the action is pending.

## Preliminary Matter – Parties in this Case

In the Complaint, Plaintiff refers to the conduct of certain individuals not named in the caption or defendant list. (Doc. 1, pp. 5-6). As is relevant here, with respect to Counts 7 and 8, the Complaint directs allegations against individuals identified as Jennings, Harteroad, Collins, and Ginder. Because these individuals have not been identified as defendants in the Complaint's caption, they were not treated as defendants in the Severance Order. (Doc. 1, p. 6). As explained in the Severance Order (Doc. 1), Plaintiff should consider all claims against these individuals as having been dismissed without prejudice. *Id.*

## The Complaint

The Complaint is extremely difficult to decipher because Plaintiff's handwriting is often illegible. The Court was able, however, to discern the following allegations.

Two mental health professionals, Defendant Gaye and Harteroad,[2] allegedly behaved inappropriately toward Plaintiff by sexually harassing him. (Doc. 2, p. 13). Gaye and Harteroad encouraged Plaintiff to perform sexual acts on himself and to engage in inappropriate sexual conversation for their gratification. (Doc. 2, p. 11). This apparently occurred during counseling sessions. *Id.*

Plaintiff contends that Defendants Benton and Quick failed to investigate Gaye's inappropriate sexual harassment of Plaintiff and other inmates. (Doc. 2, p. 19). Plaintiff sent an affidavit regarding Gaye's misconduct to Defendants Bownen and Quick. (Doc. 2, p. 9). Plaintiff gave the same affidavit to individuals identified as Jennings, Collins, and Ginder. *Id.*[3]

---

[2] As noted above, this individual is not a defendant in this action, and all claims directed against him or her should be considered dismissed without prejudice.

[3] As noted above, these individuals are not defendants in this action and all claims directed against them should be considered dismissed without prejudice.

## Merits Review Pursuant to 28 U.S.C. § 1915A

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 7 –** Gaye subjected Plaintiff to cruel and unusual punishment by sexually harassing Plaintiff in counseling sessions.
>
> **Count 8 –** Benton, Bownen, and Quick failed to protect Plaintiff when they ignored and failed to investigate Plaintiff's allegations of sexual misconduct against Gaye.

(*See* Doc. 1, p. 7).

## Count 7 – Cruel and Unusual Punishment

An Eighth Amendment claim for sexual harassment has been recognized by the Seventh Circuit. *See, e.g.*, *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). A claim of this nature is generally not viable, however, if the alleged misconduct "only [involved] sexual harassment consisting of words and gestures rather than any physical abuse." *Allen v. Wine*, 297 F. App'x 524, 530 (7th Cir. 2008) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). *See also Id.* ("while an allegation of sexual abuse of a prisoner would state a claim under the Eighth Amendment for cruel and unusual punishment, verbal harassment does not.").[4]

According to the Complaint, Gaye sexually harassed Plaintiff by "encouraging" him to perform sexual acts on himself and to engage in inappropriate sexual conversation for her own gratification. (Doc. 2, p. 11). This apparently occurred during mental health counseling sessions. *Id.* Further development of the record is necessary to determine whether the alleged misconduct included both verbal harassment and abusive action. Thus, at this stage of the litigation, the Court cannot conclude Plaintiff's allegations fail to state a cognizable constitutional claim. Accordingly, Count 7

---

[4] Typically, allegations of verbal harassment state no claim under the Eighth Amendment. *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009*). See also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"). In certain circumstances, however, verbal harassment may rise to the level of cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

shall receive further review as to Gaye.

### Count 8 – Failure to Protect / Intervene / Investigate

Plaintiff alleges that Benton, Bownen, and Quick failed to protect him when they ignored and failed to investigate his allegations of sexual misconduct against Gaye, information Plaintiff relayed by sending Defendants an affidavit. Because these individuals were not direct participants in the alleged constitutional violations, their liability would be based solely upon their knowledge of the alleged constitutional violation and failure to act to remedy it. *See Perez*, 792 F.3d at 781-82 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) ("[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.")).

Under this standard, Plaintiff has not provided sufficient information to implicate Benton, Bownen, or Quick. It is unclear from Plaintiff's allegations whether these individuals actually received the affidavit and whether the affidavit included sufficient detail to put Defendants on notice regarding a constitutional deprivation. It is also unclear whether the affidavit complained about an ongoing constitutional deprivation or a completed constitutional deprivation—certainly, the latter would not trigger a duty to intervene. Moreover, the Court "need not try to fish a gold coin from a bucket of mud" in order to decipher whether any of Plaintiff's 159 pages of exhibits sheds light on his claims against these individuals. *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Thus, Count 8 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 7** is subject to further review against Defendant **GAYE**.

**IT IS FURTHER ORDERED** that **COUNT 8** is **DISMISSED** without prejudice for failure

to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate **BOWNEN, BENTON,** and **QUICK** as parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

With regard to **COUNT 1**, the Clerk shall prepare for Defendant **GAYE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2) and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 2) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 22, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**